UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ROBERT MCBRIDE,

        Plaintiff,

v.                                        Civil No. 2:23cv104

BOBBY DELOACH,

MARY DELOACH, and

DELOACH GENERAL CONTRACTING, LLC,

        Defendants.

## OPINION AND ORDER

Plaintiff Robert McBride ("Plaintiff"), appearing pro se, filed this action against Defendants Bobby Deloach, Mary Deloach, and Deloach General Contracting, LLC (collectively, "Defendants"). ECF No. 4. This matter is before the Court on: (1) Defendants' Second Motion to Dismiss for Lack of Prosecution, ECF No. 25; (2) Plaintiff's Objections - Affidavit in Support for Sanctions, ECF No. 23; (3) Plaintiff's Renewed Motion for the Appointment of Competent Counsel, ECF No. 24; (4) Plaintiff's June 4, 2025, Motion for a Relaxed Pleading Standard, ECF No. 30; (5) Plaintiff's June 27, 2025, Motion for a Relaxed Pleading Standard, ECF No. 32; and (6) Plaintiff's two "Notices" of intent to file motions for default judgment and for sanctions. ECF Nos. 34-35.

For the reasons set forth below, the Court **GRANTS** Defendants' second motion to dismiss for lack of prosecution, and this action

is **DISMISSED without prejudice**. As a result of such ruling, all of Plaintiff's pending motions and notices are **DISMISSED** as moot.

## I. PROCEDURAL BACKGROUND

Plaintiff filed his initial complaint on October 25, 2023. ECF No. 4. On January 30, 2024, Defendants filed a Rule 12(b)(6) motion to dismiss and a Roseboro Notice explaining both Plaintiff's right to file a response to the 12(b)(6) motion and the dispositive nature of such a motion. ECF Nos. 7, 9. The Court did not resolve the dismissal motion, but instead, recognizing deficiencies in the pro se complaint, sua sponte granted Plaintiff leave to file an amended complaint. ECF No. 13. In light of Plaintiff's pro se status, the Court's Order explained to Plaintiff the specific requirements for a valid amended complaint, stating in a numbered list that the amended complaint must:

   i.   be clearly labeled as Plaintiff's Amended Complaint;
   ii.  clearly identify the intended Defendant(s);
   iii. comply with the federal pleading standards set forth in Rules 8 and 10 of the Federal Rules of Civil Procedure;[1]
   iv.  clearly state, with specificity, each claim that Plaintiff intends to assert in this action against each Defendant; and

---

[1] To further assist the pro se Plaintiff, a footnote stated as follows: Rule 8 provides that a claim for relief must contain (i) a "short and plain statement of the claim showing that the pleader is entitled to relief;" and (ii) allegations that are "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P. 8(d)(1). Rule 10 provides that "a party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).
ECF No. 13, at 4 n.3.

> v. clearly set forth all factual allegations upon which each asserted claim is based.

Id. at 4. The Court's Order provided Plaintiff thirty days from the date the Order was entered to file his amended complaint. Id.

Plaintiff did not file an amended complaint by the deadline; instead, two weeks after the deadline, Plaintiff filed a motion asking for an "[e]xtension of time to file his 'Amended Complaint.'" ECF No. 14, at 2. Plaintiff requested this extension because of his "traumatizing hostile housing environment." Id. Plaintiff also appeared to request that the Court appoint him "competent counsel" and make "appropriate referrals to associated federal government's regulatory agencies for intervention in this matter." Id. On October 1, 2024, Defendants filed their opposition to Plaintiff's request for an extension, ECF No. 19, as well as: (1) a Rule 41(b) motion to dismiss for lack of prosecution, ECF No. 16; and (2) a second Roseboro notice, ECF No. 18. On that same day, the Court provided Plaintiff with its own Roseboro notice. ECF No. 21.

Despite such notices, Plaintiff did not timely respond. The Court, however, did not grant Defendants' Rule 41(b) dismissal motion. ECF No. 22. Rather, on October 23, 2024, "in deference to Plaintiff's pro se status," the Court granted Plaintiff's untimely motion for an extension and ordered Plaintiff to file an amended complaint within twenty-one days. Id. The Court's Order

3

expressly stated that such a complaint must be filed "pursuant to the instructions set forth in the Court's July 29, 2024 Order." Id. at 2. Having provided Plaintiff a second opportunity to file an amended complaint, the Court dismissed Defendants' Rule 41(b) motion as moot, id., and denied Plaintiff's requests for counsel and for referral to a government agency. Id. at 2 n.1.

Plaintiff again failed to file an amended complaint within the time period ordered by the Court. Instead, on November 27, 2024, two weeks after the second filing deadline had passed, Plaintiff filed a motion seeking sanctions. ECF No. 23. Approximately five weeks later, Plaintiff filed a renewed motion for counsel. ECF No. 24.

On January 16, 2025, Defendants filed a "Second Motion to Dismiss pursuant to Rule 41(b)." ECF No. 25. Defendants also, for the third time, provided Plaintiff with a Roseboro notice. ECF No. 27. On that same day, the Court issued its second Roseboro notice, expressly informing Plaintiff that: (1) Defendants "filed a motion to dismiss that, if granted, could result in the dismissal of some or all of Plaintiff's claims"; (2) "Plaintiff is entitled to file a response opposing the motion within twenty-one (21) days"; and (3) "the Court could dismiss some or all of Plaintiff's claims on the basis of the moving party's papers if Plaintiff does not file a response." ECF No. 29, at 1.

4

Plaintiff failed to respond within twenty-one days, and in fact, failed to file anything for over four months. Then, on June 4, 2025, Plaintiff filed his first motion for a relaxed pleading standard based largely on alleged misconduct by the defense. ECF No. 30. Defendants filed an opposition brief, which noted Plaintiff's continued failure "to submit content" that complies with the Court's July 29, 2024 Order, thereby "further wasting the Court's resources and causing unnecessary legal expenses for Defendants." ECF No. 31, at 1. Defendants' filing not only highlights Plaintiff's ongoing failure to correct his complaint, but expressly restates the five requirements for filing a proper amended complaint as enumerated in this Court's July 2024 Order. Id. at 2.

Plaintiff did not file a reply brief, nor did he move to file an untimely amended complaint complying with the five requirements. Rather, on June 27, 2025, he submitted a second motion seeking a relaxed pleading standard. ECF No. 32. Defendants again filed an opposition brief, again highlighted Plaintiff's ongoing failure to submit an amended complaint, and again repeated the five requirements. ECF No. 33, at 1-2.

Plaintiff did not file a reply brief, nor did he ask permission to file an untimely amended complaint complying with the five requirements. Instead, Plaintiff filed two "notices" indicating his intent to file a notarized motion for default

5

judgment and for sanctions. ECF Nos. 34-35. Defendants filed opposition briefs to each notice, again highlighting Plaintiff's ongoing failure to file an amended complaint as instructed by the Court. ECF Nos. 36-37.

As of the date of this Order, more than a year has passed since this Court first instructed Plaintiff of the five requirements for filing an amended complaint. Additionally, the Court has afforded Plaintiff leniency on multiple occasions due to his pro se status and referred back to the five requirements. ECF Nos. 13, 22. Defendants have repeated the five requirements across various filings, ECF Nos. 17, 19, 26, 31, 33, 36, 37, and Plaintiff has received five Roseboro notices, three from Defendants and two from the Court. ECF Nos. 9, 18, 21, 27, 29.

## II. LEGAL STANDARD

### A. Rule 41(b)

The Court may dismiss an action where a "plaintiff fails to prosecute or comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). A dismissal under this rule "operates as an adjudication on the merits." Id.; see also Attkisson v. Holder, 925 F.3d 606, 625 (4th Cir. 2019) (discussing a federal court's "inherent power" to dismiss a case for lack of prosecution "even absent advance notice of the possibility of dismissal") (quotation marks omitted). Four criteria should be considered before dismissing a case under Rule 41(b): "(i) the

6

degree of personal responsibility of the plaintiff; (ii) the amount of prejudice caused [to] the defendant; (iii) the existence of a history of deliberately proceeding in a dilatory fashion, and (iv) the existence of a sanction less drastic than dismissal." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989).

### B. Pro Se Litigants

Pro se litigants are held to less stringent standards than represented parties. Haines v. Kerner, 404 U.S. 519, 520 (1972). This rule extends to pleadings such that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards" than those drafted by lawyers. King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Pleadings by pro se litigants should therefore be classified by their substance and not by their labels. Pendleton v. Jividen, 96 F.4th 652, 656 (4th Cir. 2024).

While pro se parties enjoy significant leniency, they are ultimately "subject to the [same] time requirements and respect for court orders" as other litigants. Ballard, 882 F.2d at 96; see Bing v. Brivo Sys., LLC, 959 F.3d 605, 618 (4th Cir. 2020) ("[L]iberal construction does not mean overlooking the pleading requirements under the Federal Rules of Civil Procedure."). To be sure, without such rules, "effective judicial administration would be impossible" and opposing parties appearing with counsel could be unfairly prejudiced. Ballard, 882 F.2d at 96; see United States v. Beckton, 740 F.3d 303, 306 (4th Cir. 2014) (explaining that,

7

"like all other litigants," pro se parties may not ignore substantive or procedural rules). Accordingly, dismissal of a case under Rule 41(b) may be appropriate when a pro se plaintiff repeatedly refuses to comply with a court order. Williams v. Collis, No. 24-1083, 2024 WL 1714854, at *1 (4th Cir. Apr. 22, 2024); see Cadet Constr. Co. v. Archer W. Constr., LLC, No. 22-1576, 2023 WL 5317960, at *3 (4th Cir. Aug. 18, 2023) (explaining that dismissal with prejudice is rarely appropriate, but may be warranted when the plaintiff fails to "respond to a specific directive from the trial court" (quoting Attkisson, 925 F.3d at 625)); see also Willis v. Jones Cnty. Pub. Sch., No. 4:20cv203, 2021 WL 837342, at *2 (E.D.N.C. Feb. 19, 2021) (explaining that liberally construed pro se pleadings must still state a claim and ultimately dismissing the complaint for failing to "adequately notify Defendants of any cause of action for which they may be liable to the Plaintiff").

### III. DISCUSSION

As summarized above, none of Plaintiff's late filings appear to even attempt to comply with the Court's express requirements for filing an amended complaint. However, in deference to Plaintiff's pro se status, the Court reviews the five requirements it provided to Plaintiff as well as Plaintiff's filings.

### A. Five Requirements & Plaintiff's Filings

The Court first ordered Plaintiff to clearly label his amended complaint "Plaintiff's Amended Complaint." ECF No. 13, at 4. Plaintiff has not filed any document with that title, nor does he use the term "Amended Complaint" in the body of any of his filings.[2] Additionally every motion and notice filed by Plaintiff was late. Plaintiff has thus failed to comply with the Court's most basic directive: to timely file a document labeled "Amended Complaint."

Second, the Court ordered Plaintiff to clearly identify the intended Defendant(s). Id. Plaintiff's original complaint named three defendants in the caption, ECF No. 4, at 1, but the body did not effectively link specific claims to the named parties. Rather than following the Court's instructions to provide more clarity, Plaintiff's later filings often offer less, as the captions name only one Defendant, and the bodies do not provide the details requested by the Court.[3] See Marcantonio v. Dudzinski, 155 F. Supp. 3d 619, 626 (W.D. Va. 2015) (explaining that "general

---

[2] The Court observes that Plaintiff expressly asked for more time to file an amended complaint, plainly revealing his understanding of the Court's requirement that he do so. ECF No. 14, at 2. Additionally, in a prior case before this Court that is highlighted by Defendants, ECF No. 26, at 7, Plaintiff followed this Court's instruction to file an "Amended Complaint," further illustrating his understanding of this type of pleading. See McBride v. City of Norfolk, Virginia, No. 2:22cv319 (E.D. Va. 2023), ECF Nos. 2, 7.

[3] Plaintiff's motions at times direct allegations broadly at "Defendants" or "the Deloachs," or alternatively, at counsel or other individuals not even named in the original complaint (such as a state court judge).

allegations about the conduct of 'defendants,' without more, fail to state a claim").

Third, the Court ordered Plaintiff to comply with the federal pleading standards set forth in Rules 8 (short and plain statement of facts) and 10 (use of numbered paragraphs, each covering one set of circumstances). ECF No. 13, at 4. Plaintiff's motions do not effectively comply with Rules 8 and 10. Some of Plaintiff's filings have no numbering at all, and those that include numbering use it inconsistently and/or do not limit each numbered paragraph to a single set of circumstances. To the extent that portions of Plaintiff's filings include facts recounting specific events, they do not clearly link those facts to a federal cause of action.

For example, Plaintiff's motion seeking sanctions at one point asserts non-compliance with multiple federal statutes (the Fair Housing Act ("FHA"), Americans with Disabilities Act ("ADA"), and False Claims Act ("FCA")), within the same sentence. See ECF No. 23, at 4. Plaintiff also makes reference to initiating a qui tam action (apparently based on COVID-19 fraud),[4] and references purported violations of the "Covenant of Peaceful Habitability."

---

[4] The FCA permits a private person to file a "qui tam" action for that person and for the Government, filed in the name of the Government, under seal, and served on the Government. 31 U.S.C. § 3730(b). See U.S. ex rel. Davis v. Prince, 766 F. Supp. 2d 679, 682 (E.D. Va. 2011) ("The sealing requirement is mandatory; failure to file a complaint under seal requires dismissal of a qui tam complaint with prejudice."). Here, Plaintiff's original complaint does not reference a qui tam claim (or COVID-19 fraud), and none of his later filings were submitted in the name of the Government or under seal.

10

ECF No. 23, at 1, 4-9. However, none of these references, sandwiched around an argument <u>seeking sanctions against counsel</u>, are presented in a format that could be reasonably construed as an amended complaint. Accordingly, Plaintiffs' filings do not fulfill the basic purpose of a complaint: providing each named defendant "fair notice of what the claim is and the grounds upon which it rests." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (cleaned up).

Fourth, the Court instructed Plaintiff to clearly state each claim he intends to assert and to identify which defendant each claim is directed against, and fifth, Plaintiff was told to clearly state the factual allegations that each claim was based on. ECF No. 13, at 4. Although Plaintiff references a variety of potential claims and facts across his various filings, he fails to identify separate federal causes of action, who they are against, or what facts support each claim. He also fails to identify what relief is sought. Rather, as suggested by their labels, Plaintiff's filings focus more on mid-litigation relief (sanctions, the appointment of counsel, a relaxed pleading standard) than they do on attempting to allege facts in support of a federal cause of action.

Because, despite repeated warnings, none of Plaintiff's filings can be fairly construed as an amended complaint, the instant litigation has reached the stage where the propriety of

11

dismissal must be evaluated. See Ballard, 882 F.2d at 96 (explaining that the leniency owed to pro se plaintiffs does not trump the rule that all litigants must comply with court orders).

### B. Dismissal

As set forth in greater detail above, the Court has repeatedly shown Plaintiff leniency, beginning with sua sponte permitting an amended complaint and providing a blueprint on how to draft an amended complaint. ECF No. 13, at 4. When Plaintiff missed the Court's deadline and filed an untimely request for more time the Court: (1) again showed him leniency by granting him more time; and (2) expressly advised him that his case may be dismissed under Rule 41(b) if he failed to timely file his amended complaint. ECF No. 22, at 2. Plaintiff then missed the second deadline to file an amended complaint, and he did not timely respond to Defendants' third motion to dismiss even after the Court issued its second Roseboro notice. ECF No. 29.

When exercising discretion over whether to dismiss a case under Rule 41(b), a court must consider four factors: "(i) the degree of personal responsibility of the plaintiff; (ii) the amount of prejudice caused [to] the defendant; (iii) the existence of a history of deliberately proceeding in a dilatory fashion, and (iv) the existence of a sanction less drastic than dismissal." Ballard, 882 F.2d at 95. This test is not rigid, though it remains true that dismissal "is not a sanction to be invoked lightly." Id.

First, as a pro se litigant, Plaintiff is personally responsible for complying with deadlines and court orders, as contrasted with a litigant "who might be unaware of the actions of his attorney." Zaczek v. Fauquier Cnty., Va., 764 F. Supp. 1071, 1079 (E.D. Va. 1991). Despite this Court's continued leniency, Plaintiff has persisted in failing to comply with clear filing deadlines and the Court's express instructions. Cf. Stephen v. Baker, No. 23-7162, 2024 WL 1636465, at *1 (4th Cir. Apr. 16, 2024) (affirming the district court's without-prejudice dismissal based on the pro se plaintiff's failure "to amend his complaint by the deadline provided by the court").

Second, Defendants have identified prejudice as they have been expending time and legal fees on this matter for over a year and a half. After retaining counsel who have filed three dismissal motions and multiple briefs, Defendants are still left waiting for an amended pleading that endeavors to state a colorable claim on which relief could be granted. See Fontanez v. Diversified Gas & Oil Corp., No. 2:22cv232, 2025 WL 898072, at *3 (S.D.W. Va. Mar. 24, 2025) (explaining that "pro se status is not a license for plaintiffs to recklessly disregard the law, particularly where in the process they cause others to incur substantial expenses") (cleaned up); Zaczek, 764 F. Supp. at 1079 (discussing the unnecessary expenses incurred by the defendants based on a "barrage

13

of repetitive motions" and the plaintiff's actions "confus[ing] the issues before the Court").

Third, Plaintiff has a history of dilatory responses that was likely intentional. The Court is sensitive to the fact that Plaintiff's challenges with housing and health may have impacted his ability to comply with filing deadlines, but the number and length of Plaintiff's various filings suggest that he was able to file an amended complaint if he intended to do so. It is, of course, difficult to be sure whether Plaintiff <u>intentionally</u> engaged in dilatory conduct; however, the fact that he asked for extra time to file an "Amended Complaint" and then never did so, while filing other pleadings, suggests that he acted intentionally. Moreover, as cited by Defendants, prior cases litigated by Plaintiff where he had claims dismissed (including one case where he filed an "Amended Complaint" <u>as instructed</u>) make it more likely than not that his failure to follow instructions here was intentional. <u>See</u> ECF No. 26, at 7.

Fourth, the Court has issued multiple orders warning Plaintiff of the possibility of dismissal, but Plaintiff has continued to ignore the express instructions of the Court. At this point in the case, the Court finds that a less drastic sanction than dismissal would undermine the integrity of the Court and the adversarial process. <u>Cf</u>. <u>Ballard</u>, 882 F.2d at 96 (indicating that, given the disregarded "warning" to the plaintiff

14

in that case, a remedy other than dismissal would have "invited abuse"). A less drastic remedy would also unfairly subject Defendants to additional financial prejudice.

In sum, despite numerous warnings from the Court and opposing counsel, and the Court's ongoing indulgence, Plaintiff has not filed an amended complaint as instructed. Defendants' <u>second</u> Rule 41(b) motion to dismiss is therefore **GRANTED** and this matter is dismissed without prejudice.[5] See <u>Cutner v. Dasant</u>, No. 6:24cv1584, 2024 WL 3219199, at *1-2 (D.S.C. June 27, 2024) (dismissing the case without prejudice, and without leave to amend, because the <u>pro se</u> plaintiff "failed to bring his case into proper form despite multiple opportunities" and "failed to comply with multiple court orders").

## IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendants' second Rule 41(b) motion to dismiss for lack of prosecution. ECF No. 25. The instant civil case against Defendants Bobby Deloach, Mary Deloach, and Deloach General Contracting, LLC, is therefore **DISMISSED without prejudice**. All of Plaintiff's outstanding

---

[5] Although arguably a close call, the Court elects to dismiss this civil action <u>without prejudice</u> in light of the fact that Plaintiff did not "abandon" this case as he continued to submit filings of various types. That said, Plaintiff's failure to follow the Court's clear instructions after multiple opportunities to do so, as well as the prejudice suffered by Defendants, fully supports closing the case and ending this litigation in favor of Defendants.

15

motions and notices are **DISMISSED as moot**.  ECF Nos. 23-24, 30, 32, 34-35.

The Clerk is **INSTRUCTED** to close the instant civil action based on Plaintiff's failure to prosecute, and to enter judgment in compliance with Fed. R. Civ. P. 58.  See Britt v. Dejoy, 45 F.4th 790, 796 (4th Cir. 2022) (en banc) ("When a district court does not intend to grant leave to amend, it should issue a separate document to accompany an order of dismissal intended to be a final judgment, in compliance with Rule 58.").

Plaintiff may appeal this Opinion and Order by forwarding a written notice of appeal to the Clerk of the United States District Court, Norfolk Division, 600 Granby Street, Norfolk, Virginia 23510.  The written notice must be received by the Clerk within thirty days of the date of entry of this Opinion and Order.

The Clerk is **REQUESTED** to send a copy of this Opinion and Order to Plaintiff and to counsel for Defendants.

**IT IS SO ORDERED.**

/s/ [signature]
Mark S. Davis
CHIEF UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
August 19, 2025